**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**UNITED STATES OF AMERICA,**

                 **Plaintiff,**

    **v.**                            **14-CR-189S**

**JONAS LEBARRON,**

                 **Defendant.**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━

## <u>REPORT, RECOMMENDATION AND ORDER</u>

       This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.   Text Order of Referral dated February 3, 2015.

## <u>PRELIMINARY STATEMENT</u>

       The defendant, Jonas Lebarron ("Lebarron"), is charged in a two-count, Indictment (Dkt. #1) with transportation of child pornography (Count 1) and possession of child pornography (Count 2) in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B).   Presently pending is Lebarron's motion to suppress statements and physical evidence.  Dkt. #13.  Following oral argument, this Court denied defendant Lebarron's motions for a bill of particulars and for *Brady*, *Giglio* and *Jencks* Act material as moot.  What follows is this Court's Report, Recommendation and Order addressing defendant Lebarron's motions to suppress.

## DISCUSSION AND ANALYSIS

By his motion, the defendant seeks to suppress statements he made to Canadian Border Services Agency officials and Niagara Regional Police Services on or about February 4, 2011, as well as statements he made to agents of the United States Immigration and Customs Enforcement on or about February 11, 2011.  Dkt. #13.  In addition, the defendant seeks the suppression of the physical evidence found as a result of the search undertaken on February 11, 2011, as well as the subsequent search of his computer based upon a warrant issued by this Court.  *Id.*  Defendant Lebarron has filed an affidavit in support of his motions to suppress.  Dkt. #13-1.  However, that affidavit does nothing more than set forth the timeline of events beginning with the defendant's encounter at the Canadian border with the Canadian Border Services Agency on February 4, 2011 and concluding with his return trip to the United States on February 11, 2011.  Moreover, the affidavit fails to identify the statements the defendant purportedly seeks to suppress and offers this Court no basis to order a suppression hearing.

Even if defendant Lebarron had specified statements he seeks to have suppressed, he is attempting to argue that Canadian law enforcement violated his *Miranda* rights.  The law in the Second Circuit is well-settled, the right against *self-incrimination does not protect suspects interrogated abroad by foreign agents.  See United States v. Yousef*, 327 F.3d 56, 145 (2d Cir. 2003) ("[T]he law is settled that statements taken by foreign police in the absence of *Miranda* warnings are admissible if

voluntary.").  In its response to the instant motion, the government states that as part of voluntary discovery, the defendant was provided with documents that demonstrate that he was afforded the opportunity to speak with counsel and did so, prior to being questioned by Canadian law enforcement.  On that basis and absent any suggestion by the defendant that his statements to Canadian agents were taken under duress or in violation of Canadian law, the government asserts the exclusionary rule does not apply. Dkt. #16, pp.11-12.   In its response, the government further states that there are two noted exceptions to this rule – when United States law enforcement "actively participate" in questioning conducted by foreign authorities, and when the circumstances of the elicited statements "shock the judicial conscience."  Dkt. #16, p.12. Neither exception is applicable here.  As stated by the government, "At the time of the defendant's arrest by CBSA, and thereafter taken into custody by NRPS, U.S. authorities had not been apprised of the defendant's predicament.  Moreover, the defendant has alleged no conduct on the part of Canadian law enforcement that would raise a question as to his treatment during arrest."  *Id.*

Finally, the defendant appears to contend that the questioning undertaken by United States law enforcement on February 11, 2011 was in violation of his Sixth Amendment right to counsel.  However, nowhere in his affidavit submitted in support of his motion does the defendant state that he was never given his *Miranda* warnings.  In fact, as explained by the government, such a contention is belied by the documentary evidence supplied during voluntary discovery.  "To be sure, the defendant was provided

with discovery documents confirming the defendant was advised of his *Miranda* rights both verbally and in writing before any questioning by U.S. law enforcement.  The defendant signed a notice of rights form and waived his right to counsel." Dkt. #16, p.12.  Moreover, defendant's suggestion that his Sixth Amendment right to counsel attached by virtue of the commencement of a criminal proceeding in another country defies all logic and lacks any basis in law.  In fact, the government cites to a similar case from this district in 2012 involving the very same defense counsel as here wherein United States Magistrate Judge Jeremiah J. McCarthy dismissed this argument.  Like here, in *United States v. Godbey*, the defendant argued that a criminal proceeding in Canada triggered his right to counsel under the Sixth Amendment in the United States. *United States v. Godbey*, No. 11-CR-292-RJA-JJM, 2012 WL 4061215 (W.D.N.Y. Aug. 27, 2012).  "It was undisputed there, as it is here, 'that at the time of his questioning by U.S. authorities, no criminal proceedings had been commenced in this country."  2012 WL 4061215, at *5.  In *Godbey*, United States Magistrate Judge McCarthy found, "Defendant cites no authority for the proposition that the commencement of criminal proceedings in another country triggers Sixth Amendment protections in this country, presumably because there is no such authority."  *Id*.  Thereafter, Judge McCarthy recommended, and United States District Court Judge Richard J. Arcara ordered that the motion to suppress in that case – based on a very similar set of facts as presented here – must be denied.

There is no dispute that although defendant Lebarron filed an affidavit, that affidavit failed to set forth facts and/or circumstances that would warrant the holding of a hearing or the granting of the motion.  A defendant is entitled to a hearing on a motion to suppress if the defendant's papers raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion.  *United States v. Pena*, 961 F.2d 333, 339 (2d Cir.1992); *see also*, *United States v. Mathurin*, 148 F.3d 68 (2d Cir.1998) (evidentiary hearing required where defendant averred that he was never given *Miranda* warnings); *United States v. Richardson*, 837 F.Supp. 570 (S.D.N.Y.1993) (evidentiary hearing not required where defendant failed to make specific factual allegations of illegality based upon personal knowledge but defense counsel merely alleged that defendant did not knowingly waive his rights before answering questions); *United States v. Ahmad*, 992 F.Supp. 682, 685 (S.D.N.Y.1998) (affidavit of defense counsel seeking suppression of custodial statements for failure to provide *Miranda* warnings insufficient to warrant evidentiary hearing or suppression); *United States v. Caruso*, 684 F.Supp. 84, 87 (S.D.N.Y.1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers.").  Indeed, the Court has discretion to deny a hearing where, as here, the defendant's papers fail to create a dispute over a material fact, *see United States v. Caming*, 968 F.2d 232, 236 (2d Cir.1992); where, as here, the defendant fails to support the factual allegations of the motion with an affidavit from a witness with personal knowledge, *see United States v. Gillette*, 383 F.2d 843, 848 (2d Cir.1967); or

where the issue involved is purely one of law, *see United States v. Warren*, 453 F.2d 738, 742–43 (2d Cir.1973).

In the instant case, in the absence of facts and/or circumstances sufficient to hold a hearing, the conclusory allegations in defendant's counsel's motion to suppress his statements are wholly insufficient to create a need for an evidentiary hearing. Indeed, the defendant has failed to identify any specific statements he is seeking to suppress.  Since the defendant has failed to "create a dispute over any material fact," there is no requirement that the Court hold a hearing on his motion to suppress. Because this Court concludes that the defendant has failed to satisfy a threshold requirement for the holding of an evidentiary hearing, this Court finds it unnecessary to address the legal arguments presented by the defendant.  Therefore, it is recommended that defendant's motion to suppress his statements, or in the alternative for an evidentiary hearing be denied.

The defendant also claims that the search and seizure of his computer by the Canadian authorities violated his Fourth Amendment rights.  Moreover, the defendant further claims that any evidence obtained by reason of the search warrant later authorized by this Court should also be suppressed because the affidavit in support of the search warrant relied, in part, upon the pornography found during the search conducted by the Canadian authorities.  Dkt. #13, pp.14-17.  In its response, the government asserts that the defendant's argument must fail because, "under well-settled

law, a foreign official acting in his own country is incapable of engaging in conduct that violates the United States Constitution, and therefore the exclusionary rule is inherently inapplicable." Dkt. #16, p.14.  The government recites long-standing Second Circuit precedent holding that suppression is generally not required when the evidence at issue is obtained by foreign law enforcement officials.  Dkt. #16, p.15; *see, United States v. Getto*, 729 F.3d 221, 227 (2d Cir. 2013); *United States v. Busic*, 592 F.2d 13, 23 (2d Cir. 1978). The government also asserts that there are two exceptions to this rule, but that neither is applicable here.  First, if the conduct of the foreign official "shocks the conscience."  Here, there is nothing in the facts presented to suggest that the conduct undertaken at the Canadian border was anything other than a routine border search upon the defendant's admitted attempt to enter Canada.  Indeed, as argued by the government, the conduct is far from egregious and had the search been conducted in the United States it would have been considered legal.  The second, so-called "constitutional-restrictions" exception, may attach in two situations, neither of which are present here.  One, "where the conduct of foreign law enforcement officials rendered them agents, or virtual agents, of United States law enforcement officials;" or two, "where the cooperation between the United States and foreign law enforcement agencies is designed to evade constitutional requirements applicable to American officials."  Dkt. #16, p.16, *citing*, *United States v. Getto*, 729 F.3d 221, 230 (2d Cir. 2013).  Here, the record is devoid of any facts to suggest any type of collaboration let alone collusion between Canadian and United States law enforcement.  In fact, as the defendant described in his affidavit, on February 4, 2011, he attempted to cross the border into

-7-

Canada to "cut off driving time to Michigan" and he was the subject of a routine border inspection, including a secondary inspection.  The defendant was charged in Canada and thereafter, the information was shared with United States law enforcement. Defendant Lebarron fails to identify anything in the record to suggest an intent by United States law enforcement to evade the Fourth Amendment's requirements, therefore, the second exception is likewise inapplicable.  The search that is at issue here was undertaken outside the United States by foreign (Canadian) law enforcement and was valid even by United States constitutional standards.  The results of that search were thereafter utilized by United States law enforcement to obtain a search warrant for the defendant's computer upon his re-entry to the United States and the defendant has offered no legal basis to challenge that search warrant issued by this Court.  Accordingly, for the foregoing reasons, it is recommended that defendant's motion to suppress physical evidence be denied and further, because the defendant has failed to offer a sufficient reason to justify the holding of an evidentiary hearing, such request is denied.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made

and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
           October 13, 2015

                            *s/ H. Kenneth Schroeder, Jr.*
                            **H. KENNETH SCHROEDER, JR.**
                            **United States Magistrate Judge**